IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NORMA DIXON                                                                                           PLAINTIFF

vs.                                              NO: 4:07CV01119 BSM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant's motion for summary judgment (Doc. No. 9). Plaintiff has responded and Defendant has replied. For the reasons stated below, the motion is granted.

*I. BACKGROUND*

Plaintiff is an African-American female who has been employed by Defendant since 2001. She began her employment as a purchasing clerk in the purchasing division. She was later promoted to a bookkeeper position in a different department. She subsequently was promoted to the position of secretary to the Director of Purchasing.

In November 2006, Defendant posted an announcement for the Director of Purchasing position due to the impending retirement of William Rains, who was serving as the Director of Purchasing. Sinclair Winburn, who was a buyer in the purchasing division at the time, applied and was selected for the Director of Purchasing position.

Winburn's hiring created a vacancy for the buyer position. On December 20, 2006, Defendant's human resources division posted a job announcement for the vacant buyer position.

Plaintiff, along with about five others, applied for the position. Winburn was named to chair a bi-racial interview committee that would interview candidates for the vacant buyer position. Winburn stated that he was prepared to interview all the candidates but that the Superintendent and

Debra Coley, Director Human Resources, cancelled the interviews because none of the applicants met the minimum qualifications for the position, which included a college degree and five years experience in public purchasing. [Winburn Dep. p. 46]

Winburn testified that, at the time the applicants were being considered, he believed that Rebecca Rains ("Rains") met the requirements for the buyer position. Although she didn't have a college degree, she had twenty years of experience in public purchasing. [Winburn Dep. pp. 46-47] Rains, however, testified that she withdrew her name from consideration for the December vacancy in deference to Plaintiff, whom she considered a friend. (Rains Dep. pp. 16-17] Rains is the spouse of William Rains, the former Director of Purchasing, who supervised Plaintiff during his tenure.

Winburn, after reviewing the December 2006 job announcement, decided that it had old information because it did not contain anything about fixed assets, which Winburn considered an important part of the buyer job. [Winburn Dep. pp. 99, 103]. Winburn drafted a revised announcement. He eliminated the college degree requirement, and stated that a bachelor's degree was preferred. He changed the requirement of "five years experience in public purchasing" to "five years experience as a buyer in public purchasing and experience with warehousing, fixed assets and accounting." Winburn's supervisor and Coley approved the revision.

On January 25, 2007, Defendant posted a job announcement for Buyer/Fixed Asset Administrator, which according to Defendant was the revised announcement drafted by Winburn. It contained the heading, "Re-Posted (Correction)." (Defendant's Exhibit A-3). Defendant claims it was a reposting of the Buyer position while Plaintiff states that it is a distinctly new position with a different job title, different job duties, and different qualifications. In addition to the revisions discussed above, the Buyer/Fixed Asset Administrator position announcement eliminated certain

other requirements, such as experience with on-line real time purchasing and with warehouse inventory systems. Moreover, the Buyer/Fixed Assets Administrator position announcement contained additional responsibilities with regard to preparing, scheduling and assisting in the evaluation of bids, performing internal audits, and maintaining Defendant's fixed asset program.

A number of individuals, including Plaintiff, applied for the Buyer/Fixed Asset Administrator position. Rains also applied, at the urging of Plaintiff. [Rains Dep. p. 17] The applications were screened by Winburn. He sent to Coley the names of two individuals--Rains and Kenneth Guillotte--whom he considered qualified. Only those two individuals were interviewed. Plaintiff was not interviewed because Winburn determined that she did not meet the minimum qualifications for the position.

The other two members of the bi-racial committee, both of whom are African-American, were only shown the names of the two individuals who would be interviewed. They did not have any say in Winburn's determination that Plaintiff was unqualified. Defendant hired Rains for the Buyer/Fixed Assets Administrator position in February 2007. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 23, 2007, in which she alleged that Defendant's failure to promote her to the buyer position was on account of her race. The EEOC issued Plaintiff a notice of right to sue on August 23, 2007.

Plaintiff then filed this action alleging that Defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981 and 1983, and the Arkansas Civil Rights Act, Ark. Code Ann. §§ 16-123-101, *et seq.* Plaintiff also claims that Defendant breached its contract with her.

## *II. SUMMARY JUDGMENT STANDARD*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "The burden of demonstrating that there are no genuine issues of material fact rests on the moving party." *Winthrop Resources Corp. v. Eaton Hydraulics, Inc.*, 361 F.3d 465, 468 (8th Cir. 2004). To be a genuine issue of fact, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506 F. 3d 1092, 1094 (8th Cir. 2007). To be a material fact, the factual issue must potentially affect the outcome of the suit under governing law. *Id*.

In considering a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, giving her the benefit of all reasonable inferences drawn from the record. *Hannoon v. Fawn Eng'g Corp.*, 324 F. 3d 1041, 1045-46 (8th Cir. 2003). Once the moving party has demonstrated that there are no genuine issues of material fact in dispute, the non-moving party must present evidence showing that there are "disputed material facts [and] that a reasonable jury could return a verdict in [its] favor." *Gregory v. City of Rogers, Ark.*, 974 F.2d 1006, 1010 (8th Cir.1992). The non-movant must present evidence that is more than "merely colorable" or not significantly probative. *Id*. It may not rest on mere denials or allegations but must set forth specific facts to raise a genuine issue of fact for trial. *Wingate v. Gage County Sch. Dist., No. 34*, 528 F. 3d 1074, 1078-79 (8th Cir. 2008).

The Eighth Circuit has stated that "[s]ummary judgment should seldom be granted in the context of employment discrimination cases because of their being inherently fact based." *Buboltz*

*v. Residential Advantages, Inc.,* 523 F. 3d 864, 871 (8th Cir. 2008). It has, however, also noted that there is no "discrimination case exception" to the application of Rule 56. *Pope v. ESA Services*, 406 F. 3d 1001, 1006 (8th Cir. 2005).

*III. ANALYSIS*

A. Discrimination Claim

At the summary judgment stage, the issue in a discrimination case is "whether the plaintiff has sufficient evidence that unlawful discrimination was a motivating factor in the defendant's adverse employment action." *Roberts v. Park Nicollet Health Services,* 528 F. 3d 1123, 1127 (8th Cir. 2008) (internal quotations and citation omitted). A plaintiff raising a claim of race discrimination may survive a motion for summary judgment either by proof of direct evidence of discrimination or by creating an inference of discrimination under the burden-shifting test, established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973) and then rebutting any proffered nondiscriminatory reason for the employment decision with sufficient evidence of pretext. *King v. Hardesty*, 517 F. 3d 1049, 1057 (8th Cir. 2008).

As Plaintiff has presented no direct evidence, the court applies the *McDonnell Douglas* framework. "Under the *McDonnell Douglas* framework, a presumption of discrimination is created when the plaintiff meets [her] burden of establishing a prima facie case of discrimination." *Pope*, 406 F. 3d at 1006. Once Plaintiff establishes her prima facie case, the burden of production shifts to Defendant to show that it had a legitimate, nondiscriminatory reason for its actions. If Defendant can articulate a legitimate, nondiscriminatory reason, the burden returns to Plaintiff to prove that the proffered reason is pretextual. *Beaden v. Int'l Paper Co.*, 529 F. 3d 828, 831-32 (8th Cir. 2008). The *McDonnell Douglas* framework applies to claims of race discrimination under Title VII, 42

U.S.C. §§ 1981 and 1983, and the Arkansas Civil Rights Act. *Fields v. Shelter Mut. Ins. Co.*, 520 F. 3d 850, 864 n. 3 (8th Cir. 2008) (section 1981); *Clegg v. Arkansas Dep't of Correction*, 496 F. 3d 922, 926 (8th Cir. 2007) (section 1983, Title VII and Arkansas Civil Rights Act).

To establish a prima facie case of discrimination, Plaintiff must show that (1) she is a member of a protected class; (2) she applied for and was qualified for an open position; (3) she was rejected; and (4) Defendant filled the position with a person from outside the protected class. *Arraleh v. County of Ramsey*, 461 F. 3d 967, 975 (8th Cir. 2006).

Defendant asserts that Plaintiff cannot establish a prima facie case because she was not qualified for the Buyer/Fixed Asset Administrator position. Plaintiff argues otherwise, stating that she has five years of experience in purchasing. "The threshold of proof necessary to make a prima facie case is minimal." *Turner v. Honeywell Fed. Mfg. & Technologies, LLC*, 336 F. 3d 716, 720 (8th Cir. 2003). Plaintiff need only show that she met the minimum qualifications for the position.

Plaintiff has submitted documentation to support her assertion that she is qualified for the position. (Plaintiff's Exhibit 16). For example, she has experience getting telephone quotes for the various schools, a function which Plaintiff claims is a substantial part of the buyer's job duties. She put together formal quotes, opened sealed bids, and prepared a formal bid. The court has reviewed the record and finds that, for purposes of the summary judgment motion, Plaintiff's qualifications satisfy the objective minimal requirements of the position.

The court is also unpersuaded by Defendant's argument that Plaintiff cannot establish a prima facie case because Rains, who is Hispanic, is also a member of a protected group. Plaintiff is merely required to prove that she was treated differently than someone outside of her protected group. It is of no import that the party receiving preferential treatment was a member of another protected

group. Indeed, if the court applied Defendant's reasoning, a plaintiff would only be able to establish a prima facie case if the comparator was a white, non-handicapped male, under the age of 40. For these reasons, the court finds that Plaintiff has met her burden of establishing a prima facie case.

Defendant further contends that it chose the most highly qualified individual for the position. Rains has far more experience than Plaintiff. She served as a purchasing agent for the Arkansas Department of Health from 1982 to 1986; purchasing agent/payroll officer for the Arkansas Department of Computer Services form 1989 to 1990; purchasing official/director for the University of Arkansas at Little Rock from 1990 to 1992; buyer for the University of Arkansas from 1993 to 1994; purchasing manager for the Arkansas Secretary of State from 1995 to 2001; business manager for the University of Arkansas, Garvan Woodland Gardens in 2001; and purchasing director at Pulaski Technical College from 2002. She has a number of years of experience working with fixed assets.

Plaintiff admits that Rains has far more public purchasing experience than she and that Rains was actually qualified to be director of purchasing. Nevertheless Plaintiff states that Defendant's race-neutral reason for its action is really a pretext for discriminating against Plaintiff in not promoting her.

In support of her assertion that Defendant's rationale is pretextual, Plaintiff contends that Defendant failed to follow its policies and procedures. According to Board policy, "[b]efore any new position is established the Superintendent will present for Board approval a job description for the position specifying the job holder's qualifications and the general duties the person will be expected to perform." (Plaintiff's Ex. 12). Defendant did not take this action as it viewed the Buyer/Fixed Asset Administrator position as merely modifying the performance responsibilities of

the Buyer position to more adequately reflect the current responsibilities for the position. Board policy was not violated, according to Defendant, because the Buyer/Fixed Asset Administrator position was not new.

Plaintiff contends that the Buyer/Fixed Asset Administrator position was really a new position, not a modification of an already existing position. Plaintiff further argues that Defendant's creation of the Buyer/Fixed Asset Administrator position was a ruse, as the position does not really exist. She claims that Rains was really hired as a Buyer, not as Buyer/Fixed Asset Administrator. According to the March 13, 2007, minutes of the Board of Education Meeting, Rains was hired as a Buyer. (Plaintiff's Exhibit 14) Recommended Staffing allocations for 2008-2009, show that the Buyer position was filled while the Fixed Assets Specialist position remains frozen. (Plaintiff's Exhibit 13). Rains' contract with Defendant states that Rains' primary responsibility is "buyer." (Plaintiff's Exhibit 15).

Although the issue of what constitutes a new position requiring Board approval is in dispute, Defendant's failure to follow procedures is not, in itself, evidence of pretext. Nevertheless, Plaintiff argues pretext is proven by the fact that Winburn changed the responsibilities of the position and then determined that Plaintiff was not qualified for the position. She further argues that, but for the college degree requirement, she would have met the requirements of the first posting. Moreover, in the affidavit of Tasha Thompson, who was one of the members of the Interview committee for the buyer position, Thompson testified that Winburn stated that both Plaintiff and Rains were qualified for the buyer position but that he preferred to work with Rains. (Plaintiff's Exhibit 17). Thompson further testified that Rains stated that he needed Plaintiff to remain as his secretary. *Id.*

Although Winburn's unilateral review of the resumes and subsequent elimination of Plaintiff

as a candidate for an interview seems unfair to Plaintiff, there is no evidence before the court showing that Winburn's actions were based on Plaintiff's race or on any other impermissible reason. The court understands Plaintiff's argument that Winburn changed the job description to eliminate her, as evidenced by Winburn's statement that he preferred Rains over Plaintiff and that he hoped Plaintiff remain his secretary. The court, however, finds that this statement does not establish racially discriminatory animus. Further, Plaintiff has presented no evidence showing that Winburn had a racially discriminatory attitude or that his actions were discriminatory. Moreover, while Winburn testified that he revised the job announcement to reflect the current job responsibilities, Plaintiff has offered nothing to indicate that the additional responsibilities are not part of the new buyer position.

Pretext may be demonstrated by different means, but regardless of the means used to prove pretext, a plaintiff "must demonstrate that a discriminatory animus lies behind the [defendant's] neutral explanations." *Arnold v. Nursing and Rehab. Ctr. at Good Shepherd, LLC*, 471 F. 3d 843, 847 (8th Cir. 2006) (citation omitted). Here, Plaintiff has failed to offer any evidence suggesting that a discriminatory animus lies behind Defendant's decisions to change the description of the job vacancy announcement and to hire Rains.

For the reasons set forth above, the court finds that Plaintiff has failed to establish a genuine issue of material fact and therefore Defendant is entitled to summary judgment on Plaintiff's discrimination claim.

B.  Breach of Contract

Plaintiff alleges that Defendant breached "its contractual obligation to give priority consideration to current employees when filling the buyer or buyer fixed asset manager position."

(Complaint, ¶19). Defendant moved for summary judgment on this issue asserting that nothing in Defendant's policy grants current employees priority consideration for vacated or newly established support positions. Plaintiff has not responded to Defendant's request for summary judgment on the breach of contract claim. Therefore, the court finds that Defendant is entitled to judgment on the breach of contract claim and that claim is hereby dismissed.

## *IV. CONCLUSION*

For the reasons set forth above, Defendant's motion for summary judgment (Doc. No. 9) is GRANTED. Judgment will be entered dismissing the case.

IT IS SO ORDERED this 22nd day of July, 2008.

Brian S. Miller

UNITED STATES DISTRICT JUDGE