IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NORMA DIXON                                                    PLAINTIFF

vs.                      NO: 4:07CV01119BSM

PULASKI COUNTY SPECIAL
SCHOOL DISTRICT                                    DEFENDANT

## ORDER

On July 22, 2008, the court entered judgment in favor of defendant and dismissed plaintiff's case with prejudice. Defendant has filed a motion for costs and attorney's fees, seeking costs in the amount of $1,684.15 and attorney's fees in the amount of $12,105.00. Plaintiff does not object to the payment of defendant's costs but objects to defendant's request for attorney's fees.

Plaintiff brought this action alleging that defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981 and 1983, and the Arkansas Civil Rights Act Ark. Code Ann. §§ 16-123-101, *et seq.* She also claimed that defendant breached its contract with her.

Defendant claims it expended $24,210.00 in professional fees in defense of this litigation. According to defendant, the amount represents 138.3 hours, with an hourly rate of $190.00 for attorneys and $60.00 for legal assistants. Defendant seeks half the amount, or $12,105.00 in attorney's fees, under Ark. Code Ann. § 16-22-308, for the time expended on the breach of contract claim.

Ark. Code Ann. § 16-22-308 provides:

> In any civil action to recover on . . . breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

An award of attorney's fees under the statute is discretionary with the court. *Chrisco v. Sun Indust., Inc.*, 304 Ark. 227, 229 (1990). Among the factors to be considered are:

> [T]he experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*Id.*

An award of fees is not warranted in this case. Defendant bears the burden of substantiating the requested rate and the hours expended. *All-Ways Logistics, Inc. v. USA Truck, Inc.,* No. 3:06CV0087SWW (E. D. Ark. Dec. 4, 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Defendant has provided no documentation, particularly billing or time records, in support of its request. *See Van Carr Enters., Inc. v. Hamco, Inc.*, 365 Ark. 625, 633 (2006) (court did not abuse discretion in denying award of attorney's fees where prevailing party failed to provide copies of itemized billing statements).

Defendant seeks one-half of the fees expended for the breach of contract claim, with no support for this simplistic division of the fees among the claims. The court will not speculate that counsel spent fifty percent of his time on the breach of contract claim. This

was basically an employment discrimination case. Even a cursory review of the record in the case reveals that defendant spent less effort defending the contract claim than the discrimination claim. Defendant's argument that it is entitled to attorney's fees because it prevailed is not sufficient to justify an award of attorney's fees. *See Angelo Iafrate Constr., LLC v. Potashnik Constr., Inc.*, 370 F.3d 715, 723 (8th Cir. 2004) (trial court did not abuse discretion is denying attorneys' fees).

The court finds pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, defendant is entitled to costs in the amount of $1,684.15.

Accordingly, the motion for costs and attorney's fees (Doc. No. 22) is granted in part and denied in part. Defendant is awarded costs in the amount of $1,684.15; its request for attorney's fees is denied.

IT IS SO ORDERED this 22nd day of September, 2008.

_____
UNITED STATES DISTRICT JUDGE